IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARILYN FRANKLIN, et al., | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:15-CV-3194-L-BK |
| HCA MANAGEMENT SERVICES, L.P. | § | |
| and COLUMBIA MEDICAL CENTER | § | |
| OF LAS COLINAS, | § | |
|     Defendant. | § | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the District Judge's *Standing Order of Reference*, Doc. 5, the undersigned now considers *Plaintiffs' Opposed Amended Motion to Conditionally Certify a Collective Action and to Issue Notice*, Doc. 20.  For the following reasons, Plaintiffs' motion should be **DENIED**.

## I.  BACKGROUND

Plaintiffs Marilyn Franklin and Jennifer Bierie bring this suit under the Fair Labor Standards Act ("FLSA") against their former employers, HCA Management Services, L.P., and Columbia Medical Center of Las Colinas (collectively "Defendants").  Doc. 20 at 5.  Plaintiffs were employed by Defendants at the Women's Services Department[1] of the Las Colinas Medical Center ("the Medical Center") in Irving, Texas.  Doc. 20 at 5-6.  Franklin worked in the Labor and Delivery Unit as a surgical technician from approximately December 2010 to April 2015, and Bierie worked in the Nursing Unit as a staff nurse from approximately March 2006 to May 2015.  Doc. 21 at 4; Doc. at 26-21 at 2.  The three opt-in plaintiffs, each of whom worked as registered nurses in the Women's Services Department, are Denise Helgeson, Clayton Taylor,

---

[1] The Women's Services Department is composed of five separate units: Labor and Delivery, Postpartum, Neonatal Intensive Care Unit, Nursery, and Lactation.  Doc. 26-20 at 2.

and Valoree Bowen.[2]  Helgeson worked in the Postpartum Unit from approximately September 2007 to August 2015,  Doc. 21 at 7; Taylor worked primarily in the Neonatal Intensive Care Unit from approximately January 2012 to April 2014,  Doc. 21 at 11; and Bowen worked in the Postpartum Unit from September 2013 to February 2015, Doc. 21 at 14.

Plaintiffs also seek to bring this action on behalf of other similarly-situated employees and former employees of Defendants, pursuant to 29 U.S.C. § 216(b) of the FLSA.  Doc. 20 at 5-6.  Accordingly, Plaintiffs now seek conditional certification of the class.  In support of conditional certification, Plaintiffs argue that Defendants forced Plaintiffs and other similarly-situated employees to work during their mandatory, unpaid, 30-minute meal periods and failed to compensate them when they were interrupted with work during these periods.  Doc. 20 at 6-7. Thus Plaintiffs claim they are owed overtime pay for the time worked during their meal periods in work weeks in which they worked over 40 hours.  Doc. 20 at 7.  Plaintiffs request that the Court approve and disseminate notice to all "nurses and technicians responsible for direct patient care in the Women's Services Department" who worked at the Medical Center in the last three years.  Doc. 20 at 16.  Additionally, Plaintiffs ask that Defendants furnish the names, addresses, cell phone numbers, email addresses, last four digits of Social Security Number, and dates of employment for all employees meeting this criteria.  Doc. 20 at 17.

Defendants argue, *inter alia*, that class treatment is inappropriate since Plaintiffs have failed to identify any generally applicable rule, policy, or practice that required employees to work through meal periods and denied compensation for interrupted or skipped meal periods. Doc. 25 at 15-16.  Additionally, Defendants ask that the Court deny conditional certification

---

[2] Originally, nine plaintiffs opted in to the case; however, six have since withdrawn.  *See* Doc. 10; Doc. 17; Doc. 18; Doc. 19.

since (1) they were unaware that Plaintiffs were working off the clock, and (2) evidence specific to each claimant would be required to determine liability and damages.  Doc. 25 at 26-30.

## II. APPLICABLE LAW

The FLSA provides that a suit may be instituted by "one or more employees for and in behalf of himself or themselves and other employees similarly situated" to recover unpaid minimum wages, overtime compensation, and liquidated damages from employers who violate the statute's provisions.  29 U.S.C. § 216(b).  This type of collective action follows an "opt-in" procedure in which no "employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."  *Id.*

Under the FLSA, courts have discretion to allow a party asserting claims on behalf of others to notify potential plaintiffs that they may choose to "opt-in" to the suit.  *See Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989).  Although the Court of Appeals for the Fifth Circuit has not adopted a specific standard to be used in determining the propriety of class certification under the FLSA, this Court has utilized the prevailing two-step approach.  *Aguilar v. Complete Landsculpture, Inc.*, No. 3:04-CV-0776-D, 2004 WL 2293842, at *1 (N.D. Tex. Oct. 7, 2004) (Fitzwater, J.); *see also Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 915 n.2 (5th Cir. 2008) (noting that collective actions are "typically" analyzed this way).

At the first step or "notice" stage, the plaintiff has the burden of showing whether court-facilitated notice is warranted, i.e., whether similarly-situated potential plaintiffs exist.  *Songer v. Dillon Res., Inc.*, 569 F.Supp.2d 703, 706 (N.D. Tex. 2008) (McBryde, J.).  The evidentiary standard at the notice stage "require[s] nothing more than substantial allegations that the putative

class members were together the victims of a single decision, policy, or plan[ ].” *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 n.8 (5th Cir. 1995).

“While the plaintiffs’ burden at [the notice] stage is not onerous, neither is it invisible.” *Songer*, 569 F.Supp.2d at 706-707. To demonstrate that conditional certification and notice to potential plaintiffs is proper, a plaintiff must, at a minimum, show that “(1) there is a reasonable basis for crediting the assertions that aggrieved individuals exist, (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted, and (3) those individuals want to opt in to the lawsuit.” *Jones v. JGC Dallas LLC*, No. 3:11-CV-2743, 2012 WL 6928101, at *3 (N.D. Tex. Nov. 29, 2012) (Ramirez, J.) (internal alterations omitted) (citing *Prater v. Commerce Equities Mgmt. Co.*, No. 07-CV-2349, 2007 WL 4146714, at *4 (S.D. Tex. Nov. 19, 2007)), recommendation  accepted by 2013 WL 271665 (2013) (O’Connor, J.). To determine whether the requisite showing has been made, courts look to the similarity of job requirements and pay provisions, whether the putative class members appear to be possible victims of a common policy or plan, whether affidavits of potential plaintiffs were submitted, and whether evidence of a widespread discriminatory plan was submitted. *Id.* Courts also consider whether potential plaintiffs were identified. *Songer*, 569 F. Supp. 2d at 707. Once a plaintiff meets this lenient burden, the court conditionally certifies the class and facilitates notice to the potential plaintiffs. *Aguilar*, 2004 WL 2293842, at *1. However, a court “may deny conditional certification and notice if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice.” *Jones v. SuperMedia Inc.*, 281 F.R.D. 282, 288 (N.D. Tex. 2012) (Boyle, J.) (citation and internal quotation marks omitted).

4

### III. ANALYSIS

In support of their motion, Plaintiffs have submitted affidavits from Franklin, Helgeson, Taylor, and Bowen.[3]  Doc. 21 at 4, 7, 11, 14.  In the four nearly identical affidavits, declarants aver that: (1) they were paid at an hourly rate for hours worked,  Doc. 21 at 4, 8, 12, 14; (2) they, along with all nurses and technicians working directly with patients in the Women's Services Department, were required to clock out for a 30-minute meal period each day, Doc. 21 at 5, 8, 12, 15; (3) they were warned that failure to clock out would result in discipline, Doc. 21 at 5, 8, 12, 15; (4) during their unpaid meal period they were required to remain on the Medical Center's premises and perform "most, if not all of [their] job duties," Doc. 21 at 5-6, 8-10, 12-13, 15-17;[4] (5) if they did not take a meal period, they were able to cancel a meal period deduction – thereby receiving compensation for work performed during that time – by writing in a logbook; however, they did not cancel all deductions for skipped or interrupted breaks, and many times when they tried to make such a log their manager "emphasized" that they must clock out.[5]  Doc. 21 at 6, 10, 13, 17.

<u>Evidentiary Standard</u>

As an initial matter, Defendants argue that because (1) Plaintiffs have had "ample opportunity" to conduct discovery, and (2) "substantial discovery" has occurred in the case, the Court should employ a heightened evidentiary standard for conditional certification.  Doc. 25 at

---

[3] Named Plaintiff Bierie did not submit an affidavit.

[4] While Helgeson, Taylor, and Bowen aver that they were required to remain on premises at all times during their meal period, Doc. 21 at 8, 12, 15, Franklin avers that she was only required to remain on the premises if she had a laboring patient, Doc. 21 at 5.  Additionally, only Helgeson and Bowen aver that they were required to carry a portable phone during their meal period and respond to received calls.  Doc. 21 at 8-9, 15-16.

[5] Helgeson avers that her manager would often go so far as refusing to approve her attempts to cancel a meal period deduction.  Doc. 21 at 8.

5

14; *Valcho v. Dallas Cty. Hosp. Dist.*, 574 F.Supp.2d 618, 622 (N.D. Tex. 2008) (Fitzwater, J.) (applying a heightened evidentiary standard at the notice stage where substantial discovery had been completed); *see also Odem v. Centex Homes*, No. 3:08-CV-1196-L, 2010 WL 424216, at *3-4 (N.D. Tex. Feb. 4, 2010) (Lindsay, J.) (same).  Defendants aver that (1) this case has been pending since October 2015 and (2) Plaintiffs have served and responded to written discovery requests and five plaintiffs have been deposed.  Doc. 25 at 14.

Courts typically apply a lenient standard at the notice stage because they ordinarily possess only "minimal evidence" at that time.  *Mooney*, 54 F.3d at 1214; *Jones*, 281 F.R.D. at 287.  Where substantial discovery has been conducted and "more evidence is available," however, the courts logically apply a more stringent standard.  *Harris v. Fee Transp. Servs., Inc.*, No. 3:05-CV-0077-P, 2006 WL 1994586, at *3 (N.D. Tex. May 15, 2006) (Solis, J.).  That notwithstanding, the fact that some discovery has occurred before conditional certification does not automatically trigger this heightened standard.  *Fulton v. Bayou Well Servs. LLC*, ___ F.Supp.3d ___, 2016 WL 5377903, at *2 n.4 (N.D. Tex. 2016) (Godbey, J.) (citing *McKnight v. D. Houston, Inc.*, 756 F.Supp.2d 794, 802 (S.D. Tex. 2010) (noting that the more stringent standard is appropriate after discovery is "largely complete and the matter is ready for trial") (quoting *Mooney*, 54 F.3d at 1214)).  The applicable evidentiary standard is relative to the quantity of evidence before the court, not simply the amount of time that has elapsed since the case was filed.

In this instance, that Plaintiffs brought this case over a year ago is not determinative.  And, while some discovery has occurred, it does not appear that the parties have conducted

discovery as substantial as that in *Valcho* or *Odem*,[6] as scheduling orders have not yet issued and Plaintiffs are still awaiting responses to their Requests for Production and deposition requests. Doc. 29 at 2.  Consequently, in light of the relatively limited discovery that has occurred to date, the use of a heightened evidentiary standard at this stage is not warranted.

        No Single Decision, Policy, or Plan

        The Court next determines whether Plaintiffs have made substantial allegations that potential class members were subject to a single decision, policy, or plan that violated the FLSA. *Mooney*, 54 F.3d at 1214 n.8.  While the parties agree that Defendants have instituted a policy requiring employees to clock out for 30-minute meal periods, this is not the policy that Plaintiffs contend violates the FLSA.  Rather their claim is premised on the allegation that they were required to work, and were denied compensation for work they performed, during these unpaid meal periods.  Doc. 20 at 14.

        Plaintiffs contend that they have established through their affidavits that all nurses and technicians in the Women's Services Department are required to work off the clock.  Doc. 20 at 14-15.  Contrary to Plaintiffs' assertions, however, the affidavits do not establish that the violations about which they complain stem from some generally applicable policy or practice. *See Salinas v. O'Reilly Automotive, Inc.*, No. 3:04-CV-1861-B, 2005 WL 3783598, at *9 (N.D. Tex. 2005) (Boyle, J.) (denying conditional certification where plaintiff failed to demonstrate that defendant's alleged FLSA violations resulted from a "generally applicable policy or practice").

---

[6] In *Valcho*, the parties – as stipulated in their proposed scheduling order – spent three months conducting certification-related discovery.  *Valcho*, 574 F.Supp.2d at 622-23.  In particular, the court noted the discovery efforts plaintiff had undertaken, which included efforts to identify other potential plaintiffs by creating a website and mailing written communications.  *Id.* at 623. Additionally, in *Odem*, a total of thirteen individuals had been deposed by the parties and over 11,000 pages of documents had been exchanged.  *Odem*, 2010 WL 424216, Dkt. No. 76 at 5-6.

Each declarant avers only that he or she personally was required to work, and/or were continuously interrupted during their unpaid meal period, and that sometimes they were denied compensation for work performed during skipped or interrupted meal periods.  *See* Doc. 21 at 5-6, 9-10, 12-13, 15-17.  Stated differently, Plaintiffs have only demonstrated claims that are predicated on discrete FLSA violations, i.e. "purely personal" circumstances, rather than on an overarching rule or policy instituted by Defendants.  *Jones*, 281 F.R.D. at 288.  Noticeably absent from their supporting affidavits is any mention of other nurses and technicians in the Women's Services Department who were subjected to the unpaid meal period policy and who were also denied compensation for work performed during skipped or interrupted meal breaks. On the contrary, Plaintiffs concede that under Medical Center policy, employees could receive compensation for work performed during skipped or interrupted meal periods by signing a logbook.  Doc. 21 at 6, 10, 13, 17.  Plaintiffs' affidavits and motion also lack any discussion of the specific source of the decision, policy or plan of which they complain.  Thus, based on the evidence presented, a collective FLSA action is unwarranted.

## IV. CONCLUSION

Plaintiffs have failed to demonstrate that they and putative class members are together victims of a single decision, policy, or plan that violated the FLSA, *Mooney*, 54 F.3d at 1214 n.8, or that collective treatment of their claims would promote judicial efficiency.  *See Marshall v. Eyemasters of Tex., Ltd.*, 272 F.R.D. 447, 449 (N.D. Tex. 2011) (Kinkeade, J.) ("Collective treatment . . . promotes judicial efficiency when there is a nexus between named plaintiffs and

potential class members in the law and the facts.").  Thus, *Plaintiffs' Opposed Amended Motion to Conditionally Certify a Collective Action and to Issue Notice*, Doc. 20, should be **DENIED**.

       **SO RECOMMENDED** on December 19, 2016.


RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

       A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fᴇᴅ. R. Cɪᴠ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE